IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jesse James Jeter, | C.A. No. 3:10cv2592-CMC |
| Plaintiff, | |
| | OPINION AND ORDER |
| Palmetto Health Internal Medicine Center, | |
| Defendant. | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on October 28, 2010. For the reasons set forth below, the Report is adopted and this action is dismissed without prejudice.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Through this action, Plaintiff, who is proceeding *pro se* and seeks leave to proceed *in forma pauperis*, pursues recovery for alleged medical malpractice which he believes was the result of bias against him based on his race (African American) and (unspecified) disability status.[1] Plaintiff's allegations focus on prescribing decisions of Defendant's agents (specifically as to which pain medications to prescribe) as well as notations those agents made in Plaintiff's medical records. Plaintiff believes the latter resulted in the denial of disability benefits. The only federal law specifically identified in the complaint is the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA").

The Magistrate Judge conducted a pre-service review of the complaint pursuant to 28 U.S.C. § 1915. He recommended that the action be dismissed without service and without prejudice (to filing a state law claim in state court) because the facts alleged in the complaint failed to state a claim under the ADA, leaving no basis for the assertion of federal jurisdiction. *See* Report at 8 (noting Plaintiff failed to allege facts to support the second prong of the test for a Title II ADA claim because he "has been provided medical care by the defendant on at least eleven occasions so he has not been excluded from participation in the programs of the defendant" and "is not entitled to the pain medication of his choice"). Plaintiff was advised of his right to object to this recommendation.

---

[1] Beyond mentioning his race, Plaintiff does not suggest any basis for inferring racial bias. The only suggestion of a disability status is Plaintiff's prior diagnoses (rheumatoid arthritis and osteoarthritis pain), current diagnosis (fibromyalgia), and reference to long-term treatment with narcotic pain relievers. The complaint does not allege facts which would suggest bias based on any of Plaintiff's diagnoses. At most, it suggests that the treating physicians disagreed with the earlier diagnoses and were concerned with Plaintiff's long-term use of narcotic pain relievers. The dismissal recommendation is not, however, dependent on the absence of allegations of a protected disability or related motivation. Instead, it turns of the absence of evidence that Plaintiff was denied access to public services.

No objection has been filed despite passage of the time allowed for such objection. This court has, therefore, reviewed the Report for clear error. Having done so, the court concludes that the matter should be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice.

IT IS SO ORDERED.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 20, 2010